**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
JULIO FERNANDEZ, et al.,                    :
                                            :
            Plaintiffs,                     :    Civ. No. 03-4846 (JAP)
                                            :
    v.                                      :
                                            :    **ORDER**
MAYOR BRIAN STACK, et al.,                  :
                                            :
            Defendants.                     :
_____:

    Presently before the Court is a motion by Defendant Police Officer Philip Fahy ("Fahy") to enforce the terms of a settlement agreement. (Dkt. # 77). Plaintiff Julio Fernandez ("Plaintiff") has not opposed the motion.

    On November 28, 2007, the Court granted in part Fahy's motion *in limine* to exclude certain evidence from trial. (Dkt. # 72). In response, counsel engaged in settlement discussions. On November 30, 2007, Plaintiff, through his counsel, advised the Court that Plaintiff agreed to settle all claims against Fahy in exchange for $20,000.00, including counsel fees and costs. Accordingly, at the request of Plaintiff's counsel, the Court confirmed the settlement with defense counsel and entered an Order of Dismissal, recognizing that the case had been settled. (Dkt. # 74).

    On December 4, 2007, Fahy's counsel forwarded a written Release and Settlement Agreement to Plaintiff's counsel to be executed by Plaintiff. That written Agreement reflects the terms of the oral agreement reached on November 30, 2007. Nevertheless, on February 3, 2008,

Plaintiff's counsel advised the Court that Plaintiff no longer desired to enter into the settlement agreement on the basis that he felt "pressured into settling the case." (Dkt. # 75).

Having considered the written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court finds that Plaintiff has failed to show good cause for failing to execute the written settlement agreement reflecting the agreement reached by the parties. State law governs the construction and enforcement of settlement agreements in federal court, *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348-49 (D.N.J. 1996), and "New Jersey has a strong public policy in favor of settlements[,]" *Finocchiaro v. Squire Corrugated Container Corp.*, 2008 WL 305337, *3 (D.N.J. Jan. 28, 2008). Once a litigant gives his attorney express actual authority to settle a lawsuit, any settlement entered into by the attorney on behalf of the litigant is binding and "may be set aside only if the client produces proof that the attorney had no right to consent to its entry." *Edwards v. Born, Inc.*, 792 F.2d 387, 391 (3d Cir. 1986) (internal quotation marks omitted); *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475 (App. Div. 1997). Further, "parties may orally . . . agree upon all essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the later execution of a formal document to memorialize their undertaking." *U.S. v. Lightman*, 988 F. Supp. 448, 459 (D.N.J. 1997). Thus, "where the client by words or conduct communicated to the adverse attorney, engenders a reasonable belief that the attorney possesses authority to conclude a settlement, the settlement may be enforced." *Amatuzzo, supra*, 305 N.J. Super. at 475-76; *accord Suber v. Peterson*, 2006 WL 1582312, *3 (E.D. Pa. June 2, 2006) ("[o]nce the client has authorized the lawyer to settle a case, and the lawyer has done so, the client may not whimsically renege on h[is] promise and refuse to uphold h[is] end of the

bargain."(internal quotation and editing marks omitted)).

Here, Plaintiff gave express authority to his counsel to settle his claims against Fahy, those claims were in fact settled, and Fahy relied upon Plaintiff's counsel's representations that the claims had been settled according to the terms of the written Release and Settlement Agreement. There is no dispute that the parties reached an agreement-in-principle as to all material terms of the settlement agreement, and Plaintiff cannot now renege on his promise by refusing to execute the written agreement. Further, Plaintiff has not filed any papers in support of his contention that he was somehow "pressured" to accept the settlement.

Accordingly, **IT IS**

**ON THIS** 18th day of March, 2008

**ORDERED** that Defendant Police Officer Philip Fahy's Motion to Enforce the Terms of Settlement (Dkt. # 77) is **GRANTED**; and it is further

**ORDERED** that the terms of the settlement agreement are hereby enforced; and it is further

**ORDERED** that Plaintiff Julio Fernandez is ordered to execute the Release and Settlement Agreement in the amount of $20,000.00 in exchange for the dismissal of all claims asserted against Fahy within thirty days of the date of this Order; and it is further

**ORDERED** that Defendant's motion for counsel fees incurred as a result of the filing of the Motion to Enforce the Terms of Settlement is **DENIED**.

**SO ORDERED**.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Orig: Clerk
cc: All parties, File